No. 547

JONES v. NAT. SURETY CO.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1520. Decided March 2, 1927.

396. DIRECTED VERDICT — In a suit against a Surety Co. to collect on a policy of burglary insurance, it is error to direct a verdict in favor of the defendant where there is evidence tending to prove that the plaintiff was the owner of the article insured, that the same have been deposited in a wardrobe in her residence, and that the article was later missing from the wardrobe where it had been deposited.

480. EVIDENCE—Evidence tending to prove that the screen and window of the dining room of a residence had been tampered with, should be admitted to prove burglary, or larceny from the building. But evidence tending to prove that windows of other dwellings in the neighborhood had been tampered with should be rejected.

First Publication of this Opinion

BY THE COURT

This action was brought by Lora E. Jones against the National Surety Co., upon an insurance policy, for the loss by her of a fur coat by theft or burglary. The evidence shows that the plaintiff discovered that her fur coat had been abstracted from her residence and later made formal proofs of loss upon the blank furnished to her by the company. The plaintiff testified that she had deposited the coat in a wardrobe on the first floor of her residence, and that later it was ascertained that the coat was missing from the wardrobe. Other witnesses testified that the plaintiff was the owner of the coat in question. The testimony also tended to prove that

her son-in-law immediately notified the police of the loss of the coat and that certain police came upon the scene and investigated the alleged larceny. There was also testimony tending to prove that she immediately notified the insurance agents of the loss of the coat and that they in turn notified the National Surety Co. There was a request made for a bill of sale showing the plaintiff's ownership of the coat which plaintiff was unable to furnish. At the close of plaintiff's evidence the trial court instructed a verdict in favor of the insurance company.

We are of the opinion that there was some evidence tending to prove that the plaintiff was the owner of the coat, that the same had been deposited in the wardrobe of her residence and that it was later missing from the wardrobe. We think this was sufficient to make out a prima facie case in favor of the plaintiff as to the burglary or larceny of the coat from her dwelling house.

Evidence was offered by the plaintiff tending to prove that it was discovered, the morning after the alleged burglary, that the screen and windows in the dining room of said residence had been tampered with. This, we think, was competent evidence tending to support the inference of burglary or larceny from the building and should have been admitted. The evidence offered by the plaintiff and rejected by the court tending to prove that windows of other dwellings in the neighoorhood were tampered with, was properly rejected.

Judgment reversed and cause remanded.

(Ferneding, Kunkle and Allread, JJ., concur).

Attorneys—Ballard, Jones & Price, W. J. Ford, and E. L. Hensell, for Jones; Watson, Davis & Joseph for Nat. Surety Co.; all of Columbus.